IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH BAZE, §<br>Dall. Cnty. Jail Bookin No. 22041440, §<br>§<br>Plaintiff, §<br>§<br>V. §<br>§<br>THE CRIMINAL DISTRICT COURT §<br>NO. 1, ET AL., §<br>§<br>Defendants. § | No. 3:23-cv-500-C-BN |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kenneth Baze is an inmate at the Dallas County jail facing criminal prosecution for possession of a firearm before the fifth anniversary of his release from confinement following conviction of a felony. *See State v. Baze*, F2215034 (Crim. Dist. Ct. No. 1, Dall. Cnty., Tex.).

Baze filed this *pro se* civil action under 42 U.S.C. §§ 1981, 1983, and 1985 against the state court where he is being prosecuted and a state prosecutor, alleging that these defendants have discriminated against him based on race and requesting that the federal district court enter a "writ of prohibition" to stop the state proceeding, appoint him an attorney, and award him damages. *See* Dkt. No. 3.

Senior United States District Judge Sam R. Cummings referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

Where prisoners, whether incarcerated or detained pending trial, seek relief

from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Under this obligation, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this lawsuit with prejudice under Section 1915A.

## Discussion

To the extent that Baze is facing criminal charges that are related to the allegations before the Court, *Younger v. Harris*, 401 U.S. 37 (1971), may be implicated. That is, although Section 1983, for example, "is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights," *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)), this provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding,'" *id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger*, 401 U.S. at 43-47).

So, under *Younger*, a federal court should generally abstain from exercising its jurisdiction where to do so would result in the interference in certain, select state proceedings, chiefly ongoing state criminal proceedings.

But *Younger* abstention "applies only where there is 'no question that [a

complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction.'" *Boyd v. Farrin*, 575 F. App'x 517, 519-20 (5th Cir. 2014) (per curiam) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988); citing *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); citation omitted). And the United States Court of Appeals for the Fifth Circuit has "interpreted this limitation to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915." *Id.* at 520 (collecting cases).

Here, the civil claims for damages should not be stayed under *Younger*. First as to the state court, construing Baze's claim against this defendant as made against the judge of that court, Baze fails to allege facts to show that any act by the judge was not a normal judicial function or undertaken without jurisdiction. So these claims are barred by either judicial immunity, insofar as Baze sues the judge in an individual capacity, *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009), or by the Eleventh Amendment, as "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity," *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (citation omitted).

Similarly, as to the Assistant Dallas County District Attorney sued, Baze fails to allege that any act by the ADA "fall[s] outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dall.*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994), *reversed in part on other grounds*, 141 F. App'x 258

(5th Cir. 2005). So this defendant is also entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

And, insofar as Baze requests that the federal court intervene to halt the state proceeding against him, Section 1983 certainly "qualifies as an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Dillenberg v. Watts*, No. 4:20-CV-458-SDJ, 2021 WL 1084766, at *2 (E.D. Tex. Mar. 22, 2021) (citing *Mitchum*, 407 U.S. at 242-43). But, to obtain such relief, a plaintiff "must still 'demonstrate that he will suffer irreparable injury if the federal court stays its hand, and ... that he does not have an adequate remedy at law in the state courts.'" *Id.* (quoting *Duke v. Texas*, 477 F.2d 244, 248 (5th Cir. 1973) (discussing, in turn, *Younger*, 401 U.S. at 43-45)).

Baze has demonstrated neither. So his request for injunctive relief should be summarily denied. *See, e.g., Collins v. Harrell*, No. 3:15-cv-2356, 2015 WL 6621059, at *3 (W.D. La. Sept. 30, 2015) ("Plaintiff has not established any grounds that would allow the Court to disregard abstention. Therefore, his requests for injunctive relief seeking the intervention of this Court into his on-going State court prosecution, should be dismissed as frivolous pursuant to the *Younger* Doctrine."), *rec. adopted*, 2015 WL 6674866 (W.D. Tex. Oct. 30, 2015). *Cf. Younger*, 401 U.S. at 45 ("[T]he

normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions. (citations omitted)).

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 8, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE